# Exhibit 1

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

|   |   |
|---|---|
| ANJITA GURUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:23-cv-06362-OEM-PK |
| v. | ) |
| | ) |
| METAQUOTES LTD., a Cyprus corporation; METAQUOTES SOFTWARE CORP., a Bahamas corporation; METAQUOTES SOFTWARE CORP., a Delaware corporation; Forexware LLC, a Delaware Limited Liability Company; SICH CAPITAL LTD, a United Kingdom corporation; OPSON INTERNATIONAL TECHNICAL SERVICE CO., LTD., a Hong Kong corporation; VOREX TRADING LLC, a Georgia corporation; SOPHIE FINANCIAL TRADING LTD, a Canadian Corporation; and JOHN DOE, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF ANJITA GURUNG'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-15) DIRECTED TO DEFENDANTS METAQUOTES LTD., AND METAQUOTES SOFTWARE CORP. (BAHAMAS)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Civil Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Plaintiff Anjita Gurung, by her undersigned counsel, requests that Defendants MetaQuotes Ltd. ("MQ Cyprus"), and MetaQuotes Software Corp. (Bahamas) ("MQ Bahamas") and their representatives and agents produce for inspection, copying, and in accordance with the Instructions and Definitions set forth below, any and all documents or electronically stored information or tangible things in their possession, custody, or control that are responsive to any of

the individual requests for documents (the "Requests") set forth below. A written response to each Request is due within thirty (30) days in the manner prescribed in the Federal Rules of Civil Procedure.

Plaintiff reserves the right to supplement these Requests and issue further Requests.

**INSTRUCTIONS**

1. Unless otherwise specified, these Requests seek documents and electronically stored information sent, received, dated or created between January 1, 2017 and the present.

2. Documents responsive to these Requests should be produced in the manner prescribed by the Federal Rules of Civil Procedure. Pursuant to Fed. R. Civ. P. 34(b)(2)(E)(i), all documents must be produced as they are kept in the usual course of business or must be organized and labeled to correspond to the categories in the Requests. Pursuant to Fed. R. Civ. P. 34(b)(2)(E)(ii) and (iii), electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, emails, text messages, instant messages, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form (*see* Fed. R. Civ. P. 34(a)(1)(A))—must be produced in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

3. To the extent that you consider any Request objectionable, respond to each Request to the extent not objectionable, and separately state with specificity the part of each Request as to which an objection is raised and the ground for each objection.

4. Any Request propounded in the disjunctive shall also be read as if propounded in the conjunctive and *vice versa*. Any Request propounded in the singular shall also be read as if propounded in the plural and *vice versa*. Any Request propounded in the present tense shall also be read as if propounded in the past tense and *vice versa*.

5.   Each Request and subparagraphs or subdivisions thereof shall be construed independently, and no Request shall be construed as creating a limitation on any other Request.

6.   If any objection is made to any Request or part of any Request on the basis of any claim of privilege, immunity, or work-product protection, set forth in detail all facts upon which the claim of privilege is based, including, without limitation, the following:

   a) the type of communication, document, or information at issue (*e.g.*, oral, written, or electronic) and the date thereof;

   b) the name, current or last known home and business addresses and telephone numbers of each participant in such communication; document or information, the field or position, occupation, and employer of each participant in such communication, document, or information, or of those individuals who prepared, produced, or reproduced, or who were the recipients of, such communication, document, or information;

   c) a description of the communication, document, or information sufficient to identify it without revealing the information for which privilege is claimed;

   d) a description of the subject matter of the communication, document, or information in sufficient detail to allow the Court to determine the validity of the claim of privilege;

   e) each and every factual and legal basis upon which defendant claims any privilege; and

   f) the Request or part thereof to which the communication, document, or information relates.

7.   The fact that a Request calls in part for documents which you claim to be privileged or otherwise objectionable is not a basis for you to fail to produce all documents called for by such Request as to which no privilege or objection is claimed. Pursuant to Fed. R. Civ. P. 34(b)(2)(C), an objection to part of a Request must specify the part and permit inspection of the rest.

8.   Any reference in these Requests to an individual or person includes any and all agents, advisors, directors, officers, employees, principals, representatives, attorneys, successors-in-interest, and all other persons or entities acting in his, her, or its behalf or under his, her, or its control.

9. Any reference in these Requests to any corporation, partnership, association, or entity includes its predecessors, affiliates, parents, subsidiaries, executives, officers, directors, members, managers, trustees, employees, agents, attorneys, accountants, consultants, advisors, representatives, and all other persons or entities acting on its behalf, at its insistence, for its benefit, or otherwise under its direction or control, or which control, or are under common control with, the corporation, partnership, association, or entity.

10. No Request is to be left unanswered. If the response to a Request or any part thereof is "none" or "unknown," the word "none" or "unknown" must be written in the response. If the Request is inapplicable, the words "not applicable" must be written in the response, and the reasons for the alleged inapplicability stated with specificity.

11. All documents to be produced shall be the original and all non-identical copies, including all drafts and copies with notes, comments or marginalia of any nature, of each responsive document. If you are unable to produce the original of any document, you shall produce the best available copy and all non-identical copies, including drafts and copies with notes, comments or marginalia of any nature.

12. If any part of a document is responsive to a Request, the document in its entirety must be produced, including all attachments and enclosures. Documents attached to each other shall not be separated.

13. If any document requested herein was at one time in existence, but, after a diligent search, is found to be lost, discarded, destroyed, transferred to others not within Your possession, custody or control, or otherwise disposed of, or if you cannot comply in full with any specific Request for any other reason, please furnish a list identifying each such document or information

that you failed to produce, explain why full compliance is not possible, and include the following information with respect to each such document, to the fullest extent possible:

a) the document's date(s);

b) the document's author(s);

c) the document's sender(s);

d) the document's addressee(s);

e) the document's recipient(s);

f) the document's subject matter(s);

g) the document's length;

h) the document's attachments; and

i) the document's location in which it was maintained.

In each instance, explain the circumstances of its loss, discarding, or destruction, including the person(s) responsible for authorizing the disposition and the date thereof, and provide a description of Your efforts to locate the document or information and copies of it.

14. Pursuant to Fed. R. Civ. P. Rule 26(e), these Requests are continuing in nature, and Your responses shall be supplemented if and as additional responsive documents or information become known to You, by or through any of Your agents, counsel, or other representatives, after service of Your responses and objections, such that Your response to any Request is in any way incomplete or erroneous, either in part or in full. Supplemental responses shall be served promptly upon discovery of such documents or information.

## DEFINITIONS

1. These Requests incorporate the definitions in Local Civil Rule 26.3.

2. To the extent any term is not defined in this First Set of Requests for Production or Local Civil Rule 26.3 it shall be interpreted consistently with how the term is used in the Complaint filed in this Action (as defined below).

3. This "Action" shall mean the above referenced action, Case No. 1:23-cv-06362 in the Eastern District of New York.

4. The "Broker Defendants" means Defendants Sich Capital Ltd, Opson International Technical Service Co., Ltd., Vorex Trading LLC, and Sophie Capital Financial Trading Ltd.

5. The "Complaint" shall mean the complaint filed by Plaintiff Anjita Gurung in this Action on or around August 24, 2023.

6. "Forexware" means Defendant Forexware LLC.

7. The "MetaQuotes Defendants" are MetaQuotes Ltd., and MetaQuotes Software Corp. (Bahamas).

8. "MetaQuotes" or "You" includes the MetaQuotes Defendants and all of their predecessors, affiliates, parents, subsidiaries, executives, officers, directors, members, managers, trustees, employees, agents, attorneys, accountants, consultants, advisors, representatives, and all other persons or entities acting on its behalf, at its insistence, for its benefit, or otherwise under its direction or control, or which control, or are under common control with the MetaQuotes Defendants, regardless of whether they are a party to this Action or not.

9. "MT4" refers to the MetaTrader 4 software developed and distributed by MetaQuotes.

10. "MT5" refers to the MetaTrader 5 software developed and distributed by MetaQuotes.

**REQUEST NO. 1**

All operative organizational documents for the MetaQuotes Defendants, including, without limitation, charters, bylaws, partnership agreements, and company agreements.

**REQUEST NO. 2**

All corporate structure charts involving or including the MetaQuotes Defendants.

**REQUEST NO. 3**

All employee organizational charts for the MetaQuotes Defendants.

**REQUEST NO. 4**

All Documents and Communications regarding Plaintiff's use of MT5, including without limitation, account information, contracts or agreements between You and Plaintiff, and any communications between You and Plaintiff.

**REQUEST NO. 5**

All Documents and Communications regarding the use of MT4 and MT5 by Persons that are or have been using MT4 and MT5 to improperly withhold and/or deprive or have been accused of withholding and/or improperly depriving funds of users of MT4 and MT5, including without limitation the "pig butchering schemes" identified in the Complaint.

**REQUEST NO. 6**

All Documents and Communications regarding the use of MT4 and MT5 by Persons are and have been manipulating account information, including account balances, market data, and trade status, displayed to MT4 and MT5 users, including through the use of Forexware software.

**REQUEST NO. 7**

All Documents and Communications related to circumstances under which MT4 and/or MT5 are or have been removed from application distribution services (including but not limited to Apple Inc.'s App Store and the Google Play Store in the Republic of India), including without limitation any role that MT4 and MT5's use by organizations, which improperly withhold and/or deprive or have been accused of withholding and/or improperly depriving funds of users of MT4 and MT5, played in said removal.

**REQUEST NO. 8**

All Documents and Communications regarding the relationship between You and any Person to Your knowledge which has improperly withheld and/or deprived or has been accused of withholding and/or improperly depriving funds of users of MT4 and MT5, including but not limited to the Broker Defendants, including without limitation said organization's license or agreement to use MT4 or MT5, any licensing or other fees paid to You by said organization,

commissions or other payment arrangements between you and said organization, and any support You provide to said organization in providing brokerage services through MT4 and MT5.

**REQUEST NO. 9**

All Documents and Communications regarding due diligence procedures for vetting and approving brokers to use MT4 and MT5, including without limitation, processes related to provision or grant of white label and grey label licenses to Your broker clients, and by Your broker clients, including any requirements for diligence by You or Your broker clients.

**REQUEST NO. 10**

All Documents and Communications regarding Your provision of MT4 and MT5 to users of MT4 or MT5 and Your broker clients including the Defendant Brokers, including Your access to information of users of MT4 or MT5and Your broker clients, stored by MT4 or MT5 that is licensed to Your broker clients.

**REQUEST NO. 11**

All Documents and Communications regarding Your servers that provide MT4 and MT5 within the United States, including, but not limited to Your server in New York, and the services provided by such servers.

**REQUEST NO. 12**

All Documents and Communications regarding the features of MT4 and MT5 that allow Persons to manipulate the account information, including account balances, market data, and trade status, displayed to MT4 and MT5 users.

**REQUEST NO. 13**

All Documents and Communications regarding formal and informal complaints, legal claims and threats to bring legal claims brought by MT4 and MT5 users resulting from improper withholding of funds committed by brokers on the MT4 and MT5 platforms, including without limitation the claims brought in action No. SACV-12-01558AQ-JP in the United States District Court for the Central District of California.

**REQUEST NO. 14**

All Documents and Communications regarding Your provision of a list of brokers, including the Defendant Brokers, within MT4 and MT5 to users of MT or MT5 including the selection of brokers for display in the list, and format, arrangement or layout of the list.

**REQUEST NO. 15**

All Documents and Communications regarding the use of Forexware software with MT4 and MT5 provided to Your broker clients, including any license or agreement between Forexware and You, and any licensing or other fees exchanged between Forexware and You, commissions or

other payment arrangements between You and Forexware, and any support Forexware provides to You in providing brokerage services through MT4 and MT5.

ROPES & GRAY LLP

Dated: April 15, 2024

By: /s/ Shong Yin
Shong Yin
**ROPES & GRAY LLP**
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303
T +1 650 617 4078
Shong.Yin@ropesgray.com
*Attorney for Anjita Gurung*